UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY RIVAS,

    Petitioner,

  v.

JAMES A. YATES, warden,

    Respondent.

No. C 09-1285 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Joseph Anthony Rivas, a pro se prisoner, has filed a petition for writ of habeas corpus challenging the sentence he received on a 2005 robbery conviction. Respondent has moved to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

On November 2, 2005, Rivas pled guilty to one count of residential robbery and admitted a weapon use enhancement allegation. He was sentenced on December 5, 2005 to a total of ten years in state prison. He did not appeal.

Rivas filed several state habeas petitions before he filed this action. His habeas petition in the Alameda County Superior Court was filed on August 31, 2007, and denied on September 11, 2007. His habeas petition in the California Court of Appeal was filed on December 10, 2007, and denied on December 12, 2007. His habeas petition in the California Supreme Court was filed on August 4, 2008, and denied on January 21, 2009.

Rivas' federal habeas petition was stamped "filed" on March 24, 2009. The petition was dated March 11, 2009, and came to the court in an envelope with a March 10, 2009 postmark. As a prisoner proceeding pro se, Rivas receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The petition is deemed to have been filed on March 10, 2009, the date of the postmark on the envelope as that apparently was the date he gave it to officials to mail to the court.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the limitations period started upon "the expiration of the time for seeking [direct] review," because Rivas did not appeal. 28 U.S.C. § 2244(d)(1)(A). The time for Rivas to seek direct review concluded on February 3, 2006, and his conviction became final that day. See Cal. Rule of Court 8.308(a) (appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 30.1). The one-year limitations period started that day and the presumptive deadline to file a federal petition was February 3, 2007. Unless Rivas is entitled to statutory tolling or equitable tolling, his petition is untimely because he missed that deadline by more than two years.

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling is not appropriate here because Rivas did not file his first state habeas petition until August 31, 2007, many months after the limitations period had already ended. The limitations period had expired and could not be revived. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long been used in the Ninth Circuit is that equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace). The Ninth Circuit has not settled on a single consistent standard. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008) (declining to decide whether Pace standard differs from Beeler standard).

Under either articulation of the test, the petitioner bears the burden of showing that equitable tolling is warranted in his case. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Pace, 544 U.S. at 418. The petitioner also must show that the extraordinary circumstances "were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Spitsyn's mention of causation is important because it shows that equitable tolling

3

often is not susceptible to a simple yes/no kind of inquiry, but instead requires the court to determine whether equitable tolling is allowed for the circumstance and, if so, how much time should be tolled for the circumstance. An acceptable reason for some delay doesn't necessarily mean that all delay will be excused.

Rivas urges that his delay should be excused for two reasons. First, he contends that his delay should be excused because his prison was on lockdown and his access to the law library was impaired. Traverse, p. 3 and Exh. D. This contention fails because the events occurred outside the relevant time period. As Rivas explained in his declaration, the lockdown and law library problems occurred between the denial of his habeas petition in the California Court of Appeal in December 2007, and the filing of his habeas petition in the California Supreme Court in July 2008. These late 2007- early 2008 events did not prevent him from meeting the deadline that had already passed.

Second, Rivas argues that he should receive equitable tolling because his claim is for a Cunningham violation and that the critical case, Cunningham v. California, 549 U.S. 270 (2007), was not decided until January 2007. This argument is unpersuasive because Rivas did not need to wait for Cunningham to be decided to assert the claim he asserts in his federal petition. Although Rivas cites to Cunningham, his claim is based on a line of Supreme Court cases that started with Apprendi v. New Jersey, 530 U.S. 466 (2000). That line of cases includes Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and most recently Cunningham. Cuningham did not announce a new rule and instead "simply applied the rule of Blakely to a distinct but closely analogous state sentencing scheme." Butler v. Curry, 528 F.3d 624, 636 (9th Cir. 2008). The fact that Cunningham was the first in the Apprendi line to address a California sentence does not matter: the Supreme Court will not do fifty decisions to address the sentencing schemes in each of the fifty states so a prisoner cannot claim a need to wait until the Supreme Court tackles the sentencing laws in that particular prisoner's state. In sum, Cunningham did not enable Rivas to argue a claim that had theretofore

4

been unavailable to him.[1]

No equitable tolling is warranted in this case. Rivas' petition was untimely filed and is barred by the habeas statute of limitations.

Petitioner filed a request for a second extension of time to file his opposition to the motion to dismiss, asserting that he needed further time in the law library to do research on some unspecified topic. His request did not show good cause for a further extension of the deadline, which had already been extended once at his request. He did have some law library access, albeit limited in amount. His request did not identify what specifically he wanted to research in the library, and the issues he reasonably needed to address were factual rather than legal. At the time he made his very generalized request, he had been in possession of the motion to dismiss for almost three months, which makes inexplicable his failure to explain what specifically he needed in the library that he couldn't obtain in his cell – from his own mind, from his own

///

---

[1] The Cunningham decision also does not support a delayed start under § 2244(d)(2)(B), which allows the limitations period to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A court decision is not a "factual predicate" under § 2244(b)(1)(B). A court decision would be a change in the law rather than a new fact. Although it may be helpful legal authority for Rivas' claim, the Cunningham case was not a fact necessary to his claim. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (limitations period begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance'") (citation omitted).

paperwork, or by using the library's paging system. The court also notes that it has considered the arguments against the motion to dismiss that petitioner asserted in his traverse filed ten days after his request for an extension of time. The request for an two-month extension of time to file an opposition to the motion to dismiss is DENIED. (Docket # 13.)

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 8.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: January 12, 2010

_____
SUSAN ILLSTON
United States District Judge